```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
```

UNITED STATES OF AMERICA,           :
     Plaintiff
                                                 :

     vs.                           :  CRIMINAL NO. 1:CR-03-0171

                                                 :
MAURICE LACKEY,
     Defendant                     :

*M E M O R A N D U M*

I.   *Introduction*

       Defendant, Maurice Lackey, has filed a pro se motion under 28 U.S.C. § 2255 challenging his sentence under *Gall v. United States,* ___ U.S. ___, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007), and *Kimbrough v. United States,* ___ U.S. ___, 128 S.Ct. 558, 169 L.Ed.2d 481 (2007), based on the disparity in sentencing between crack and powder cocaine. He has also cited Amendment 706 to the sentencing guidelines, which generally reduces the base offense level for crack cocaine offenses by two levels.

       Treating the motion as one under 18 U.S.C. § 3582(c)(2) for reduction of his sentence, the government filed a response arguing that Defendant was not entitled to a reduction because his guideline range was unaffected by the amendment, being established instead by the statutory minimum sentences applicable to his case. The Federal Public Defender was appointed to represent Defendant

on the section 3582(c)(2) part of the motion but has filed a motion to withdraw as counsel.

We agree with the government that Defendant is not entitled to a reduction in sentence based on Amendment 706 as the amendment does not have the effect of lowering Defendant's applicable guideline range. As to the section 2255 aspect of the motion, we cannot grant relief under *Gall* or *Kimbrough* as those cases do not apply retroactively on collateral review. Additionally, Defendant has no claim under these cases even if we did apply them here.

II.   *Background*

In November 2003, Defendant pled guilty to counts I and III of the indictment against him. Count I charged him with possession with intent to distribute more than five grams of cocaine base in violation of 21 U.S.C. § 841(a)(1), and count III with carrying, using and possessing a firearm in furtherance of a drug-trafficking crime in violation of 18 U.S.C. § 924(c)(1).

Defendant's guideline range was calculated as follows. His cocaine-base quantity was at least twenty but less than thirty-five grams, giving him a base offense level of 28. (PSR ¶ 17). Subtracting three points for acceptance of responsibility made his total offense level 25. Defendant's criminal history category was IV. This gave him a guideline range of 84 to 105

months on count I, but because the statutory minimum sentence on count I was 120 months, Defendant's guideline sentence for that count was 120 months. On count III, Defendant was statutorily required to serve a consecutive sentence of sixty months to the sentence on count I. This made Defendant's minimum sentence 180 months. At sentencing in June 2004, Defendant was sentenced to 180 months' imprisonment, the statutory minimum sentence of 120 months on count I and the sixty-month consecutive sentence on count III.

III. Discussion

    A.  *The Section 3582(c)(2) Motion*

The United States Sentencing Commission has authority to amend the guidelines, 28 U.S.C. § 994(o), and to provide that any amendment has retroactive effect. *Id.*, § 994(u). Under 18 U.S.C. § 3582(c)(2), a defendant can seek the benefit of an amendment by a motion to modify his sentence. Any sentence reduction must take into account "the factors set forth in 18 U.S.C. § 3553(a) to the extent that they are applicable" and "must be consistent with applicable policy statements issued by the Sentencing Commission." *Id.*

U.S.S.G. § 1B1.10 (Policy Statement)(effective March 3, 2008) is the applicable policy statement. In pertinent part, it provides that under section 3582(c)(2) a court "may reduce the

3

defendant's term of imprisonment" "when the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines manual listed in subsection (c) below." *Id.*, § 1B1.10(a)(1). Amendment 706 is listed in subsection (c). However, "[a] reduction is not consistent with [the] policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if . . . an amendment listed in subsection (c) does not have the effect of lowering the defendant's applicable guideline range." *Id.*, § 1B1.10(a)(2)(B).

In determining the effect of the amendment on the defendant's sentence, and essentially to determine whether it lowers his applicable guideline range, the court:

> shall determine the amended guideline range
> that would have been applicable to the
> defendant if the amendment(s) to the
> guidelines listed in subsection (c) had been
> in effect at the time the defendant was
> sentenced. In making such determination, the
> court shall substitute only the amendments
> listed in subsection (c) for the corresponding
> guideline provisions that were applied when
> the defendant was sentenced and shall leave
> all other guideline application decisions
> unaffected.

*Id.*, § 1B1.10(b)(1).

In applying section 1B1.10, Defendant's guideline range remains unaffected by the amendment. Defendant's total offense level drops by two to 23 because of the amendment, and with a criminal history category of IV, his guideline range would appear

4

to be 70 to 87 months. However, the range remains at 180 months because of the statutory minimum sentence of 120 months on count I and the sixty-month sentence required to be served consecutively on count III. We therefore cannot grant his motion.

In his pro se motion, Defendant cites *Gall v. United States,* ___ U.S. ___, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007), and *Kimbrough v. United States,* ___ U.S. ___, 128 S.Ct. 558, 169 L.Ed.2d 481 (2007). But the Third Circuit does not permit reliance on these cases in a section 3582(c)(2) motion. In *United States v. McBride*, 283 F.3d 612, 615 (3d Cir. 2002), the Third Circuit decided that a motion under section 3582(c) is limited to consideration of the effect of the retroactive amendment on the defendant's sentence. The Third Circuit has also rejected an attempt to use section 3582(c)(2) to make a claim directly under *United States v. Booker,* 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), without tying it to a retroactive amendment. *See United States v. Sanchez*, 140 Fed. Appx. 409, 410 (3d Cir. 2005)(per curiam) (nonprecedential).

   B.   *The Section 2255 Motion*

Defendant's section 2255 motion also fails. That motion relies on *Gall* and *Kimbrough* as well. But Defendant cannot rely on *Gall* and *Kimbrough* in a section 2255 motion since those cases do not apply retroactively on collateral review. *See Lloyd v. United*

5

*States*, 407 F.3d 608, 610 (3d Cir. 2005) (*Booker* does not apply retroactively to cases on collateral review); *United States v. Swinton*, 333 F.3d 481, 491 (3d Cir. 2003)(*Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed. 2d 435 (2000) does not apply retroactively to cases on collateral review); *United States v. Davis*, No. 04-199, 2008 WL 1914352, at *3 (D. Neb. April 28, 2008)(neither *Gall* nor *Kimbrough* apply retroactively). Additionally, even if we did apply these cases here, they would not assist Defendant as we were required to impose the statutory minimum sentences. *See Padilla v. United States*, No. 08-40, 2008 WL 2812214, at *3 (D. Utah July 21, 2008)(*Gall* and *Kimbrough* do not apply when the court was compelled by law to impose a two-year consecutive sentence); *Fisher v. United States*, No. 08-277, 2008 WL 1808796, at *2 (W.D. Va. April 21, 2008)(*Gall* and *Kimbrough* do not apply when the court imposes a mandatory minimum sentence); *Robinson v. United States*, No. 07-4213, 2008 WL 922315, at *2 (W.D. Mo. March 31, 2008)(same).

   We will issue an appropriate order.

               /s/William W. Caldwell
               William W. Caldwell
               United States District Judge

Date: September 3, 2008

```
              IN THE UNITED STATES DISTRICT COURT
            FOR THE MIDDLE DISTRICT OF PENNSYLVANIA


UNITED STATES OF AMERICA,       :
          Plaintiff
                                :

          vs.                   :   CRIMINAL NO. 1:CR-03-0171

                                :
MAURICE LACKEY,
          Defendant             :
```

*O R D E R*

AND NOW, this 3rd day of September, 2008, it is ORDERED that:

    1.  Defendant's motion (doc. 52) under 18 U.S.C. § 3582(c)(2) and 28 U.S.C. § 2255 is denied.

    2.  The Federal Public Defender's motion (doc. 59) to withdraw as counsel is granted.

    3.  The Clerk of Court shall close this file.

                                        /s/William W. Caldwell
                                        William W. Caldwell
                                        United States District Judge